UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WINFIELD COLLECTION, LTD.,**<br><br>Plaintiff,<br><br>vs.<br><br>**FOSHAN CHENGXIANG SHOES CO., LTD., et al.,**<br><br>Defendants. | 2:22-CV-11693-TGB-APP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO SERVE DEFENDANTS THROUGH ALTERNATIVE MEANS (ECF NO. 9) |

Before the Court is Plaintiff Winfield Collection, Ltd.'s Motion for Permission to Serve the Defendants Through Alternative Means. (ECF No. 9.) For the reasons below, the Court **DENIES** Plaintiff's motion without prejudice.

### I. BACKGROUND

Plaintiff Winfield Collection, Ltd. ("Winfield") is a Michigan LLC that sells copyrighted yard displays on Amazon. (ECF No. 1, PageID.2-6.) Winfield is suing three Chinese corporations: Foshan Chengxiang Shoes Co., Ltd., Wenzhou Lisheng Import and Export Co., Ltd., and Wang Feng Technology & Trade Group Co., Ltd. (ECF No.1, PageID.2-3.) The gist of the allegations in the complaint is that these Defendants sold substantially similar yard displays on Amazon without Winfield's permission and maliciously reported Winfield to Amazon for copyright

1

violations, causing its listings to be temporarily taken down during major sales periods. (ECF No. 1, PageID.2-23.) According to the complaint, all three Defendants have their principal places of business in China. (ECF No.1, Page.ID.3-4.) Winfield has included the addresses of these businesses in the complaint. (ECF No. 1, PageID.2-3.)

A little over a month after filing its complaint, Winfield filed this Motion for Permission to Serve Defendants Through Alternative Means. (ECF No. 9.) In the Motion, Winfield asks for leave to serve Defendants via email. It asserts that it has previously communicated with Defendants via email, and that Defendants have retained counsel who has also communicated with it via email. (ECF No. 9, PageID.81.) According to Winfield, it has asked Defendants and their counsel to accept service via email, but they have refused. (ECF No. 9, PageID.81.)

As exhibits, Winfield has submitted a 2021 Amazon message showing that its listings were removed after "guyuji88@outlook.com" reported it for copyright violations (ECF No. 9-2, PageID.93), as well as an email chain with "toetol@outlook.com" after a similar report in 2020 (ECF No. 9-3, PageID.96-97). Winfield has also submitted an email showing it sent a copy of its complaint to both "guyuji88@outlook.com" and "toetol@outlook.com" and requested acceptance of service via email but apparently received no direct response. (ECF No. 9-5, PageID.102.) Finally, Winfield has submitted an email it received from Derek Yee, a California attorney with a law office in Los Angeles, after emailing its

complaint to the two addresses above. (ECF No. 9-6, PageID.104.) Mr. Yee's email directs the recipient to "please see my attached letter," but the letter referenced has not been submitted to the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) governs service of process on corporations, partnerships, or associations. It provides that, unless a defendant business entity has an authorized agent within the United States, that defendant must be served "in any manner prescribed by Rule 4(f)." Fed. R. Civ. P. 4(h)(1), (2).

Rule 4(f), in turn, discusses methods of international service. As relevant here, Rule(f) provides that service of process on a foreign defendant may occur:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
…
(3) by other means not prohibited by international agreement, as the court orders.

## III. ANALYSIS

**A. Winfield has not made reasonable efforts to serve the defendants with process under the Hague Convention.**

Winfield asserts that it should be allowed to serve the Defendants via email because service through the Hague Convention – the primary method of service on foreign defendants contemplated by the Federal Rules of Civil Procedure – "will likely result in significant delays and

3

unnecessary expense." (ECF No. 9, PageID.85.) According to Winfield, service through the Hague Convention "in China, on average, takes a year or more." (*Id.*) Relying on non-binding authority from inside and outside this Circuit, Winfield contends there is "no requirement that a party first exhaust the other methods of service contemplated in Rule 4(f)" before making its request. (ECF No. 9, PageID.85-86.)

Not all courts agree that a plaintiff need not first attempt service through the Hague Convention under Rule 4(f)(1) before seeking leave to use alternative methods of service under Rule 4(f)(3), however. *See, e.g.*, *NOCO Co. v. Chang*, No. 1:18-cv-2561, 2019 WL 2135665, at *5 (N.D. Ohio May 16, 2019) ("[F]ollowing the 'internationally agreed'-to means of service specified by the Hague Convention is mandatory."); *Chanel, Inc. v. Xu*, No. 2:09-cv-02610, 2010 WL 396357, at *3 (W.D. Tenn. Jan. 27, 2010) ("If [the Hague Convention] applies, Rule 4 requires the parties first to attempt service by the means designated in the Convention."). The Sixth Circuit has not decisively spoken on this issue.

The United States and China are both signatories to the Hague Convention. Convention done at the Hague, Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S., 1989/2. The Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad [unless] the address of the person to be served with the documents is unknown." Convention, art. 1. The Supreme Court has

noted that "[t]his language is mandatory." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

Notes from the 1993 Advisory Committee on the Federal Rules of Civil Procedure further instruct that "[u]se of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." The Committee recognized that "Article 15 [of the Convention] … provide[s] that alternate methods may be used if a Central Authority does not respond within six months."[1] The Committee explained that, in such cases, it may be permissible to resort to alternative service methods under Rule 4(f)(3). Nonetheless, service via

---

[1] Article 15 of the Convention, in turn, provides:
> Each contracting State shall be free to declare that the judge, nothwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
> (a) The document was transmitted by one of the methods provided for in this Convention,
> (b) A period of time not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
> (c) No certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
> Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Convention done at the Hague Nov. 15, 1965, art. 15, 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S., 1989/2

the Hague Convention is required on foreign defendants unless there is a "failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention."

Winfield does not appear to dispute that service of its complaint is subject to the Hague Convention: the complaint reflects that the addresses of the Defendants' businesses are known and in China. Winfield therefore must attempt service of process through convention methods before resorting to alternative methods under Rule 4(f)(3) – unless it can identify a domestic agent who can accept service under Rule 4(h)(1). *Volksvagenwerk Aktiengesellschaft*, 486 U.S. at 707 ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications."). It may be possible for Winfield to do so. But no such agent is identified in any of the materials before the Court.

Winfield's desire for efficiency is more than understandable because international service of process through the Hague Convention may result in delay. But that procedure is mandatory. *Id.* at 705. Until Winfield first attempts service through the Hague Convention, there is no reason to resort to alternative service methods under Rule 4(f)(3).

### B. Winfield has not shown that its proposed service via email is reasonably calculated to apprise the defendants of their complaint.

As Winfield acknowledges, a party's proposed method of alternative service of process must be reasonably calculated to apprise interested

6

parties of the pendency of a legal action and afford them an opportunity to respond. *See NOCO Co., Inc. v. Zhejiang Yuingyou Electronic Commerce Co., Ltd.*, 338 F.R.D. 100, 105 (N.D. Ohio 2021).

Based on the materials submitted, this Court is unable to conclude that Winfield's proposed method of service is reasonably calculated to apprise Defendants of this lawsuit. First, Winfield has submitted as exhibits an email to "guyuji88@outlook.com," an email chain to "toetel@outlook.com," and an email showing it sent its complaint to both of these email addresses. The only evidence that these emails would provide notice to the Defendants is the fact that an attorney for the Defendants responded after Plaintiff emailed the Complaint using those email addresses. But Winfield does not associate these emails with any particular Defendant, so it is unclear which of the three Defendants is associated with these emails. Moreover, according to the record, the last time Winfield apparently received a direct response from either of these emails was in 2020.

Winfield has also submitted an email communication from a California attorney, which it received after emailing its complaints to the two email addresses above. As mentioned above, this email instructed the recipient to "please see my attached letter," but the letter referenced has not been made a part of the record. (ECF No. 9-6, PageID.104.) As a result, although Plaintiff states that this attorney was responding on behalf of the Defendants, the evidence in the record does not clearly state

7

whether the California attorney purports to represent any Defendant in any capacity.

To be sure, Rule 4(d) provides that any "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." This means that, if the California attorney is an authorized agent of any Defendant, he has a duty to aid Winfield in avoiding unnecessary cost and delay if Winfield requests waiver of service of process. Based on the materials provided, however, the Court is unable to conclude that the California attorney is an authorized domestic agent of any Defendant.

## CONCLUSION

Winfield has shown neither that it has made reasonable efforts to serve Defendants through the Hague Convention nor that its proposed method of alternative service is reasonably calculated to apprise Defendants of this lawsuit. The Court therefore **DENIES WITHOUT PREJUDICE** Winfield's Motion for Permission to Serve Defendants Through Alternative Means. (ECF No. 9.) If Winfield attempts to serve China via the Hague Convention and China does not effect service within six months of its request, Winfield may renew its motion.

**IT IS SO ORDERED**, this 29th day of September, 2022.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge